Reed *vs.* Fawkes.

## REED *VS.* FAWKES.

1. A *fi. fa.* levied on a vessel, will not divest a previous lien, acquired by a libellant in admiralty.

Error to the Circuit court of Mobile, exercising admiralty jurisdiction.

Libel for wages—tried before *Harris,* J.

In this case, the steam-boat Fox was libelled in admiralty, by defendant in error, and before the trial, a *fi. fa.* was levied on the boat, and on a sale under the *fi. fa.* Reed became the purchaser. On the trial of the case made by the libel, Reed interposed his claim, which was overruled by the court, and a judgment of condemnation rendered in favor of the libellant.

The judgment below was now sought to be reversed by writ of error.

*Peck,* for plaintiff in error.
*Stewart,* contra.

GOLDTHWAITE, J.—The case agreed, which is found in the record, and on which the judgment of the Circuit

court was rendered, is neither so full, or so satisfactory, as might be expected, from the questions involved in this controversy. From it, however, we are enabled to ascertain, that the amount of the libellant's claim, as well as the existence of a lien on the steam boat, at the time when the services were rendered, is distinctly admitted; but a decree of condemnation is resisted, on the ground, that this lien was subsequently divested, by a sale under a decree of condemnation of the boat, in the District court of the United States, for the Southern district of Alabama.

When an examination is made, of the facts connected with the supposed decree of condemnation, we find that the boat was restored, after seizure on what is termed an *admiralty bond*. Subsequently, a decree was rendered, ordering the steam-boat to be sold, but no process seems to have issued under this decree. The boat was eventually sold, on the first of March, under a writ of *fieri facias*, issued against certain individuals, whom we must either conclude to be strangers to the suit in admiralty, or that they became parties to it, by a stipulation to return the boat, to answer the condemnation, or to pay whatever sum should be ascertained to be due by the decree. It is very possible, that such proceedings could have been had in the admiralty court, as would have divested the lien of the libellant in this case; but none such were had, so far as we can ascertain from the facts stated. The boat was restored—no sale was made under the decree, and the title of all persons remained as before the decree. The sale is made under the ordinary common law writ of *fieri facias*, which commands

Reed *vs.* Fawkes.

the officer to levy of any of the goods and chattels of the defendant therein named, and can have no lien previous to its coming to the hands of the officer. We do not know, nor does the case attempt to inform us, what title or claim the defendants in this court had to the steamboat, and it was their title alone, which passed to the claimant under the sale of the marshal.

There is nothing in the case, from which we are authorised to infer that the sale was made under the decree of condemnation; and as the lien of the libellant was prior in point of time, to any which the claimant is shewn to have derived under the sale by the marshal, the Circuit court was correct, in decreeing a condemnation and sale.

Let the judgment be affirmed.